**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**AT LONDON**

**CIVIL ACTION NO. 14-178-DLB**

**FREDDIE B. MOORE**                                                    **PETITIONER**

**vs.**                         **MEMORANDUM OPINION AND ORDER**

**WARDEN SANDRA BUTLER**[1]                                  **RESPONDENT**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Freddie B. Moore is an inmate confined by the Bureau of Prisons ("BOP") in the FCI-Manchester.  Proceeding without counsel, Moore has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the manner in which the BOP has calculated his federal sentence.  [R. 1]  Moore contends that the BOP erroneously refuses to credit his federal sentence with over two years of prior custody credit for time that he spent in state detention between February 10, 2010, and February 28, 2012.

In conducting an initial review of habeas corpus petitions under 28 U.S.C. § 2243, the Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).  The Court evaluates Moore's petition under a more lenient standard because he is not represented by an attorney.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v.*

---

[1] Sandra Butler is the current warden of the Federal Correctional Institution ("FCI")-Manchester located in Manchester, Kentucky.  The Clerk of the Court will be instructed to substitute Sandra Butler as the respondent to this action on the CM/ECF cover sheet.

*Jones*, 321 F.3d 569, 573 (6th Cir. 2003), overruled on other grounds, *Jones v. Bock*, 549 U.S. 199 (2007). Thus, at this stage of the proceedings, the Court accepts Moore's factual allegations as true, and liberally construes his legal claims in his favor. Having reviewed the § 2241 petition, however, the Court must deny it because Moore has not set forth grounds entitling him to the credit he requests be applied to his federal sentence.

## BACKGROUND

### 1. Moore's State and Federal Sentences

The following is a chronological summary of Moore's state and federal convictions, based on information contained in his § 2241 petition and attachments thereto, and information contained in the federal judiciary's PACER online database.

**February 10, 2010**: Moore was arrested by the Monroe Police Department in Louisiana and charged with Domestic Abuse, Case No. 09M4329-M, and Distribution, Manufacture and Possession of CDS, Illegal Weapons, Distribution, Manufacture and Possession of Schedule 1 Drugs and Possession of a Firearm by a Felon, Case No. 10F0400-5. He was remanded to the Ouachita Parish Correctional Center.

**September 24, 2010**: Moore was indicted in a Louisiana federal court and charged with four counts of Possession with Intent to Distribute Marijuana, Felon in Possession of a Weapon and Possession of a Weapon during a Drug Trafficking Crime. *United States v. Freddie B. Moore*, No. 3:10-CR-295-RGJ-KLH-1 (E.D. La. 2010) ("the Federal Action"). [R. 1, therein] The Indictment in the Federal Action alleged that the offenses occurred between February 5, 2010 and February 10, 2010. [*Id.*]

2

**October 19, 2010**:  Moore appeared at his arraignment in the Federal Action and pleaded "Not Guilty."  *See* Docket Sheet from the Federal Action [R. 11, therein].

**April 21, 2011**:  Moore pled guilty to being a Felon in Possession of a Firearm and Possession of a Firearm during a Drug Trafficking Crime.  *Id.* [R. 21-23, therein].

**August 15, 2011**:  Moore was sentenced in the Federal Action to a 117-month prison term. [R. 30, therein]  The Criminal Judgment was silent regarding concurrency, but the district court recommended that Moore "be given credit for all the time in custody since your arrest on February 10, 2010, since his detention on the state charges involves the same incident that gave rise to these charges." [*Id.*, p. 2, therein].

**August 26, 2011**:  Moore was returned to Ouachita Parish Correctional Center in satisfaction of the writ of habeas corpus *ad prosequendum*, and federal officials filed a detainer with the Louisiana state authorities as to his federal sentence.

**October 28, 2011**:  Moore was sentenced in Case No. 09-M4329 for Domestic Abuse Battery, receiving 180 days custody with credit for time served, to run concurrently to any other sentence.  At sentencing, Moore had already served more than 180 days; therefore, the BOP's staff contacted Louisiana Court officials who confirmed that Moore's sentence "would have ended" on August 8, 2010, and the time considered had been calculated from Moore's arrest on February 10, 2010.  Moore remained confined in Ouachita Parish based on his charges in the Narcotics and Weapons offenses in Case No. 10F0400-5.

**February 28, 2012**:  Moore's state charges were dismissed, and he was released to the custody of the United States Marshal Service based on the federal detainer.

3

### 2.      Moore's Administrative Appeals

Moore administratively exhausted his sentencing credit claims in compliance with the BOP's administrative remedy procedures, 28 C.F.R. § 542.14-15.[2]   The Court notes, however, that in his appeal to the BOP Central Office, Moore requested sentencing credit *only* for the six-month period between February 10, 2010, and August 8, 2010. [*See* R. 1-1, p. 1] ("The **180 days credit** should have been credit [sic] to Mr. Moore [sic] federal sentence like his sentencing judge clearly states in his J&C order.") (emphasis added).  In its Response, the BOP Central Office stated, "…you request the application of credit toward your federal sentence for time spent in detention **from February 10, 2010, through August 8, 2010**." [R. 1-2, p. 1] (emphasis added).

On June 11, 2014, Harrell Watts, Administrator of the National Inmate Appeals, denied Moore's final (BP-11) appeal. [R. 1-2, pp. 1-3] Watts concluded that the time which Moore spent in state custody between February 10, 2010, and August 8, 2010, had already been credited to the State Sentence, and that applying the requested credit would be contrary to 18 U.S.C. § 3585(b), which prohibits the credits which have been applied to another sentence.  [*Id.*, p. 2]  Watts further advised Moore that the BOP was considering Moore's request for a retroactive designation under *Barden* using the five factors set forth in 18 U.S.C. § 3621(b), and that once that review was completed, Moore would be notified. [*Id.*]  Watts acknowledged that the district court recommended that Moore receive certain sentencing credits, but explained that the final authority for making decisions related to sentencing credits rested with the BOP, not the district court.  [*Id.*]

---

[2] Moore did not attach his administrative responses from either the Warden or the BOP Regional Office, but since he appealed to the BOP Central Office in March 2014, it is logical to assume that his was unsuccessful at both the institutional and regional levels.

On July 17, 2014, Marcus Boudreaux, Management Analyst, notified Moore that after reviewing his request for a *Barden* retroactive designation and considering the relevant factors under 18 U.S.C. § 3621(b), the BOP had determined that Moore did not qualify for a retroactive designation of the facility where he served his state sentence. [R. 1-3, p.1] Boudreaux noted that under the second factor, Moore's federal offenses were being a Felon in Possession of a Firearm and Possession of a Firearm during a Drug Trafficking Crime. [*Id.*] Applying the third factor, Boudreaux noted Moore's criminal history, *see id.*, which has been previously described herein. Finally, as to the fourth factor, Boudreaux explained that Moore was ineligible for consideration because the district court did not specify that his federal sentence was to run concurrently with his previously imposed state sentence, and that according to 18 U.S.C. § 3584(a), multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently. [*Id.*] On that issue, Boudreaux further advised that the district court had been contacted to determine its position on a retroactive designation, and that "[i]n responding, the Court advised that you should not be given a retroactive designation." [*Id.*]

Moore filed his § 2241 petition on August 1, 2014.

## CLAIMS ASSERTED IN THE § 2241 PETITION

In his § 2241 petition, Moore seeks credit on his federal sentence for over two years of time that he served in state custody between February 10, 2010, and February 28, 2012.[3] Moore claims that the BOP is erroneously refusing to credit his federal sentence

---

[3] According to the BOP's website, Moore's projected release date is June 30, 2019. *See* http://www.bop.gov/inmateloc/ (last visited on January 8, 2015).

with this two-year time period, and that he is entitled to this credit because the district court recommended that result when sentencing him in the Federal Action, and because his detention on the state charges stemmed from the same February 10, 2010, incident which led to the federal charges being filed against him.  Moore contends that the BOP has ignored the federal court's intention and incorrectly concluded that between February 10, 2010, and February 28, 2012, he was in the primary custody of state officials and only secondarily in the custody of federal officials.

Moore further asserts that the BOP should treat the place where he served his state sentence between February 10, 2010, and February 28, 2012, as the place where he served his federal sentence during that same period of time.  Such a request falls under the ruling set forth *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990), in which the Third Circuit held that § 3621(b) authorizes the BOP to retroactively designate a state prison as the place where a federal defendant will serve his or her sentence.  The practical effect of such a designation is to grant the federal prisoner credit against his or her federal sentence for all of the time spent in state custody, in effect serving the two sentences concurrently. *Id.* at 480.  Moore claims that as a result of the BOP's refusal to properly credit his sentence, he is being required to serve a longer than necessary sentence, in violation of his right to due process of law guaranteed under the Fifth Amendment of the U.S. Constitution.

## DISCUSSION

The BOP refuses to credit Moore's sentence with time between February 10, 2010, and February 28, 2012, because: (1) Moore did not begin serving his federal sentence until February 28, 2012, the date on which he completed service of his state sentence from

6

Louisiana, and on which he came into the BOP's official custody; (2) Moore is not entitled

to "double" credit on his federal sentence for time which has already been credited to his

state sentences; and (3) Moore does not qualify for a retroactive *Barden* designation based

on the criteria set forth in 18 U.S.C. § 3621(b).  As explained below, the BOP has correctly

denied Moore's request to credit his sentence with any time which he served in state

custody between February 10, 2010, and February 28, 2012.

As for the six-month period between February 10, 2010, and August 8, 2010, the

time period Moore addressed in his administrative remedy requests, Moore received full

credit for this entire period of time on his state court domestic abuse criminal sentence,

Case No. 09M4329-M, which was imposed on October 28, 2011.  That sentence was for

180-days with credit for time served, and as the Louisiana state court officials explained to

the BOP, that 180-day period would have expired on August 8, 2010.  Since Moore was

confined in state custody between February 10, 2010, and August 8, 2010, he therefore

received an immediate 180-day credit on his domestic abuse sentence on the day it was

imposed (October 28, 2011).

As the BOP also explained during the administrative remedy process, 18 U.S.C. §

3585(b) permits credit against a federal sentence only for time "that has not been credited

against another sentence," which means that time which has previously been credited

towards service of a state sentence may not be "double counted" in credit against a federal

sentence.  Therefore, crediting Moore's federal sentence with 180 days of time which he

spent in primary state custody between February 10, 2010, and August 8, 2010, and for

which he received credit on his state court domestic abuse sentence, would result in the

award of improper double credit, a result which § 3585(b) prohibits.  *See Broadwater v.*

7

*Sanders*, 59 F. App'x 112, 113-14 (6th Cir. 2003); *Garrett v. Snyder*, 41 F. App'x 756, 757 (6th Cir. 2002); *Huffman v. Perez*, 230 F.3d 1358, 2000 WL 1478368, at \*2 (6th Cir. Sept. 27, 2000); *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993).

The larger issue is, of course, whether the BOP has properly refused to credit Moore's federal sentence with the period of time he served in state custody between August 8, 2010, and February 28, 2012.  Again, the BOP has correctly determined that this time should not be credited to Moore's federal sentence.  First, the same result set forth above applies to this larger time period:  Moore received credit on his state sentences for all of the time which he served in state custody between August 8, 2010, and February 28, 2012.  Second, under 18 U.S.C. §3585(a), a federal sentence for a term of imprisonment begins on the date the defendant is received into official federal custody, which in this case was February 28, 2012, the date on which Moore completed service of his last remaining state sentence stemming from his conviction for narcotics and weapons offenses, which was imposed in Case No. 10F0400-5.

Admittedly, between October 19, 2010, and August 26, 2011, Moore was in federal custody, but he was only *secondarily* in federal custody pursuant to the writ of habeas corpus *ad prosequendum*.  As the BOP correctly explained, during this 10-month period, Moore was *primarily* in the custody of the State of Louisiana, and was only temporarily borrowed by federal officials to secure his presence for court proceedings in the Federal Action.  As the BOP further correctly noted, Moore was sentenced in the Federal Action on August 15, 2011, and just eleven days later, on August 26, 2011, the United States Marshals Service returned Moore to the primary custody of the State of Louisiana to continue serving his previously imposed state sentences.

In *Ponzi v. Fessenden*, 258 U.S. 254, 260-262 (1922), the Supreme Court first recognized the doctrine of primary custody, to provide an orderly method of prosecuting an individual who has violated the law of more than one sovereign.  Under this doctrine, the sovereign that first arrests an individual has primary control or custody over him; its claim over him has priority over all other sovereigns that subsequently arrest him; it is entitled to have him serve a sentence that it imposes, before he serves any sentence imposed by another sovereign; and it retains this priority, unless and until it has relinquished its jurisdiction to some other sovereign.  *Id.*; *see also United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005); *United States v. Collier*, 31 F. App'x 161, 162 (6th Cir. 2002); *Bowman v. Wilson*, 672 F.2d 1145, 1153-54 (3d Cir. 1982); *In re Liberatore*, 574 F.2d 78, 88-89 (2d Cir. 1978); *Rambo v. Hogsten*, Case No. 10-116, 2010 WL 4791970 at *4 (E.D. Ky. Nov.17, 2010) ("When a defendant violates the laws of two different sovereigns, the rule is that the sovereign which first arrests him acquires the right to prior and exclusive jurisdiction over him.") (internal quotations omitted).

Primary custody continues until the sovereign that first arrested an individual has relinquished its jurisdiction in some way.  *See Banks v. United States*, Case No. 12-2175, 2013 WL 3564135, at *2 (W.D. Tenn. July 11, 2013) (citing *United States v. Warren*, 610 F.2d 680, 684–85 (9th Cir. 1980)); *accord Jones v. Farley*, Case No. 12-0671, 2012 WL 4506002, at *3 (N.D. Ohio Sept.28, 2012).  If state authorities have primary jurisdiction over a prisoner, federal custody will not commence until state authorities relinquish the prisoner on satisfaction of his state obligation.  *Rios v. Wiley*, 201 F.3d 257, 274 (3d Cir. 2000); *Jake v. Herschberger*, 173 F.3d 1059, 1067 (7th Cir. 1999).

9

Here, the State of Louisiana was the first sovereign to arrest Moore and charge him with domestic abuse, drug, and firearm offenses, and it did not relinquish primary custody over him until February 28, 2012, the date on which Moore satisfied his last sentence for narcotics and weapons offenses, in Case No. 10F0400-5.  Moore broadly contends that he was not in the primary custody of the State of Louisiana prior to February 28, 2012, but the facts refute his allegation.  Under the doctrine of primary custody, Moore could not have begun serving his federal sentence until he completely served his last remaining state sentence; again, that did not occur until February 28, 2012.

Third, when a prisoner is taken into federal custody pursuant to a writ of habeas corpus *ad prosequendum*, the state retains primary jurisdiction over him, and primary jurisdiction is not transferred to federal authorities.  *Huffman v. Perez*, 230 F.3d 1358, 2000 WL 1478368, at *2 (6th Cir. Sept. 27, 2000) (unpublished decision); *United States v. Evans*, 159 F.3d 908, 911-12 (4th Cir. 199); *Wardell v. Wilson*, Case No. 10-294, 2011 WL 6027072, at *3 (E.D. Ky. Dec. 5, 2011).

Thus, between October 19, 2010, and August 26, 2011, Moore was only "borrowed" by federal authorities while in their custody under writ of habeas corpus *ad prosequendum*, and he remained in the primary custody of the State of Louisiana.  When the Federal Sentence was imposed on August 15, 2011, the United States Marshals Service was required to and did return Moore to state custody, because the imposition of the federal sentence did not discharge Moore of his obligation to satisfy the remaining, or "undischarged," portion of his state sentence for narcotics and weapons offenses.  *See Nguyen v. Department of Justice*, 173 F.3d 429, 1999 WL 96740 (6th Cir. Feb. 3, 1999) (unpublished decision) (holding that time spent in federal custody pursuant to a writ of

10

habeas corpus *ad prosequendum*, while serving a state sentence, cannot be applied to a federal sentence because the time has been credited to the state sentence); *Broadwater v. Sanders*, 59 F. App'x 112, 113-14 (6th Cir. 2003).

Fourth, the district court's recommendations about sentencing credits were not and are not binding on the BOP.  Moore next alleges that by denying him sentencing credit between February 10, 2010, and February 28, 2012, the BOP has ignored the express recommendation of the district court set forth in the Criminal Judgment imposed in the Federal Action, but again, the BOP reached the right result on this issue.  The district judge who sentenced Moore, although presumably well-meaning, lacked authority to dictate what, if any, sentencing credits should or would be applied to Moore's federal sentence.  Under 18 U.S.C. § 3585(b), the award of "credit" against a federal sentence lies within the exclusive authority of the BOP.  *United States v. Wilson*, 503 U.S. 329, 333-35 (1992); *Castro v. Sniezek*, 437 F. App'x 70, 71 (3d Cir. 2011); *Everett v. Ives*, Case No. 11-180, 2012 WL 2179097, at *2 (E.D. Ky. June 13, 2012) (explaining that the authority to calculate presentence credits "is vested exclusively with the BOP as the delegate of the Attorney General.").[4]

Fifth and finally, under the rule set forth in *Barden* as implemented by BOP Program Statement 5160.05, the BOP did not abuse its discretion when it denied Moore's request for a retroactive designation of the state facility as the place where he served his federal

---

[4] In contrast, a sentencing court has authority, under Guidelines § 5G 1.3(c), to fashion a sentence that accounts for time already served, and "credit for time served on a pre-existing state sentence is within the exclusive power of the sentencing court."  The Guidelines caution sentencing courts that, "[t]o avoid confusion with the Bureau of Prisons' exclusive authority provided under 18 U.S.C. § 3585(b) to grant credit . . . any downward departure under application note [3(E) in § 5G1.3] be clearly stated ... as a downward departure pursuant to § 5G 1.3(c), rather than as a credit for time served."  *United States v. Gaskins*, 393 F. App'x 910, 914 (3d Cir. 2010) (internal citations and quotation marks omitted).

sentence between February 10, 2010, and February 28, 2012. In appropriate cases, the BOP may exercise its discretion to effectuate a state court order regarding concurrent sentencing by retroactively designating the state prison as a prisoner's place of federal confinement. *See, e.g., McCarthy v. Doe*, 146 F.3d 118, 123 (2d Cir. 1998); *Barden*, 921 F.2d at 478.

Under 18 U.S.C. § 3621(b), five factors are considered by the BOP when reviewing a request for retroactive designation: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the sentencing court concerning the purposes warranting a sentence of imprisonment or recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement of the Sentencing Commission. The relevant BOP program statement provides that "[a] designation for concurrent service of sentence will be made only when it is consistent with the intent of the federal sentencing court or the goals of the criminal justice system." BOP Program Statement 5160.05(8). It further states that in making a retroactive, or *nunc pro tunc* designation determination, the Regional Director will review the inmate's disciplinary history and institutional adjustment, recommendations of the wardens at both the federal and state institutions, the recommendation of the federal prosecutor, and the intent of the sentencing court, if available. *Id*.

In determining whether the BOP has abused its discretion, "[t]he test is not whether a reviewing court would weigh the factors differently. The writ may issue only where an error is fundamental and carries a serious potential for a miscarriage of justice." *Eccleston v. United States*, 390 F. App'x 62, 64-65 (3d Cir. 2010); *see also Taylor v. Eichenlaub*, Case No. 08-13418, 2009 WL 2849131, at *4-5 (E.D. Mich. Sept. 1, 2009). Moore argues

that the BOP has abused its discretion by refusing to effectuate a *Barden* retroactive designation.  However, on July 17, 2014, the BOP considered all relevant criteria under 18 U.S.C. § 3621(b) in a manner that was not patently inconsistent with the rule established in *Barden*.  The BOP explained that under the framework of § 3621(b), Moore had a criminal history; that he had been convicted of serious federal weapons and drug offenses; and that the federal judge who sentenced Moore, when contacted by BOP and/or probation officials, did *not* recommend that Moore receive a retroactive designation.  The BOP fully complied with its obligation to consider Moore's *Barden* request under the criteria set forth in § 3621(b).  *See Harris v. Zickefoose*, Case No. 11-7472, 2012 WL 4120537, at *5 (D.N.J. Sept. 18, 2012); *Everett v. Ives*, Case No. 11-180, 2012 WL 2179097, at *3 (E.D. Ky. June 13, 2012).  The BOP's refusal to effectuate a *Barden* designation of the facility where Moore served his state sentence between February 10, 2010, and February 28, 2012, was not an abuse of discretion.

Therefore, the Court will deny Moore's habeas petition because he is not entitled to the sentencing credit which he seeks in this § 2241 proceeding.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1.  The Clerk of the Court shall **SUBSTITUTE** Sandra Butler in place of J.C. Holland as the respondent on the CM/ECF cover sheet.

2.  Freddie B. Moore's 28 U.S. C. § 2241 petition for a writ of habeas corpus [R. 1] is **DENIED.**

3.  The Court will enter a Judgment contemporaneously with this order.

4.        This matter is **STRICKEN** from the Court's docket.

This 8th day of January, 2015.



Signed By:

David L. Bunning

United States District Judge

G:\DATA\ORDERS\ProSe\Moore 14-178 MOO CKS.wpd